UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
MIGUEL CARABAJO,                                  Case No.

                Plaintiff,
    -vs.-
                                               **COMPLAINT**

DELGADO TRAVEL AGENCY INC.,                 **CV 14 - 2357**
KARINA VACACELA and HECTOR
DELGADO,                                                       **WEINSTEIN, J.**

                Defendants.              **LEVY, M.J.**
-------------------------------------------------------------X

Plaintiff MIGUEL CARABAJO, by and through his attorneys, the LAW OFFICES OF WILLIAM CAFARO, complaining of the Defendants, hereby alleges as follows:

### *THE PARTIES*

1. Plaintiff MIGUEL CARABAJO, (hereinafter "Carabajo") is an individual residing in Queens, New York.

2. Upon information and belief, Defendant DELGADO TRAVEL AGENCY INC., (hereinafter "Delgado Travel") was and is a domestic corporation whose principal place of business is located at 79-08 Roosevelt Ave., Jackson Heights, NY 11372.

3. Upon information and belief, Defendant KARINA VACACELA, (hereinafter "Vacacela") is an individual, whose actual place of business is located at 79-08 Roosevelt Ave., Jackson Heights, NY 11372.

4. Upon information and belief, at all times herein pertinent, Defendant Vacacela served as a principal, officer and/or manager of Defendants Delgado Travel.

5. Upon information and belief, Defendant HECTOR DELGADO, (hereinafter "Delgado") is an individual, whose actual place of business is located at 79-08 Roosevelt Ave., Jackson Heights, NY 11372.

6. Upon information and belief, at all times herein pertinent, Defendant Delgado served as a principal, officer and/or manager of Defendants Delgado Travel.

7. Upon information and belief, for the calendar year 2011 the gross receipts of Delgado Travel were not less than $500,000.00.

8. Upon information and belief, for the calendar year 2012 the gross receipts of Delgado Travel were not less than $500,000.00.

9. Upon information and belief, for the calendar year 2013 the gross receipts of Delgado Travel were not less than $500,000.00.

10. Upon information and belief, for the calendar year 2014 the gross receipts of Delgado Travel will not be less than $500,000.00.

## *JURISDICTION AND VENUE*

11. Jurisdiction is based upon 28 U.S.C. § 1331, insofar as it involves a statute of the United States, specifically, the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq., and Plaintiff relies upon 28 U.S.C. § 1367 to invoke supplemental jurisdiction with respect to the state law claims which form another basis for recovery upon the same factual nexus, specifically Articles 6 & 19 of the Labor Law and 12 NYCRR § 142-2.2 and 12 NYCRR § 142-2.4.

12. Venue is based upon 28 U.S.C. § 1391(b)(1), insofar as at least one of the Defendants resides within this Judicial District, and (b)(2), insofar as a substantial part of the events giving rise to the within causes of action occurred in this Judicial District.

## *FACTUAL ALLEGATIONS*

13. At all times herein pertinent, the Defendants, and each of them, were engaged in an industry having an affect on commerce within the meaning of 29 U.S.C. § 203.

14. At all times herein pertinent, and in the course of his duties, Plaintiff regularly handled products which had been moved in commerce.

15. Delgado Travel operates as a currency exchange and travel agency.

16. Plaintiff was employed by the Defendants from on or about March 1, 2008 until his termination on March 24, 2014.

17. Plaintiff was assigned various duties including but not limited to window washing, mopping, and sweeping.

18. Throughout his employment, Plaintiff was scheduled to work 5 days per week, Monday and Wednesday through Saturday with Sunday and Tuesday as his days off. Plaintiff worked from approximately 7:30AM until 7:00PM.

19. Plaintiff was compensated $10.00 per work hour until on or about January 1, 2010 where he was afforded an increase to $11.00 per work hour. Plaintiff's compensation remained at $11.00 per work hour from January 1, 2010 until his termination.

20. Plaintiff regularly worked for the Defendants in excess of forty (40) hours a week but never received an overtime premium of one and one half times his regular rate of pay for those hours. Plaintiff was also never compensated an additional hour's pay at the prevailing State minimum wage for his spread of hours.

21. The Defendant Delgado had the power to hire employees, and hired the Plaintiff on or about March 1, 2008.

22. The Defendant Delgado had the power to terminate employees, and terminated Plaintiff's employment on or about March 24, 2014.

23. The Defendants Vacacela and Delgado controlled the terms of Plaintiff's employment in that they would tell him what tasks to complete and on what time frame they needed to be completed.

24. Upon information and belief, the Defendant Delgado controlled the work schedule of all of the employees of Delgado Travel, including the Plaintiff's work schedule.

25. Upon information and belief, the Defendant Delgado controlled the rate and method of payment of each of the employees of Delgado Travel, along with the Plaintiff's pay rate and method of pay.

26. At all times herein pertinent, the Plaintiff performed his duties for Defendants Delgado Travel at the direction and under the control of Defendant Vacacela and Delgado.

27. Upon information and belief, and at all times herein pertinent, Defendants Vacacela and Delgado exercised close control over the managerial operations of Delgado Travel, including the policies and practices concerning employees.

28. At all times herein pertinent, Defendants Vacacela and Delgado controlled the terms and conditions of employment, supervised employees, made decisions as to hiring and firing and as to wages with respect to the employees of Delgado Travel in general, and with respect to the Plaintiff in particular.

29. At all times herein pertinent, Defendants Vacacela and Delgado acted as Plaintiff's employer within the meaning of the FLSA and the New York State Labor Law.

### *AS AND FOR A FIRST CAUSE OF ACTION*
### *FEDERAL FAIR LABOR STANDARDS ACT*
### *AGAINST THE DEFENDANTS, AND EACH OF THEM*
### *(OVERTIME)*

30. The Plaintiff hereby incorporates all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

31. All of the foregoing constituted willful and repeated violations of the Fair Labor Standards Act, so the applicable statute of limitations is three years pursuant to 29 U.S.C. § 255(a).

32. The Defendants herein knowingly and willfully violated 29 U.S.C. § 207 by failing to pay Plaintiff overtime pay at the premium rate of one and one half times Plaintiff's regular rate of pay.

### *AS AND FOR A SECOND CAUSE OF ACTION*
### *STATE WAGE AND HOUR LAW*
### *AGAINST THE DEFENDANTS, AND EACH OF THEM*
### *(OVERTIME)*

33. The Plaintiff hereby incorporates all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

34. The Defendants herein knowingly and in bad faith violated Articles 6 & 19 of the New York State Labor Law and 12 NYCRR §142-2.2 by failing to pay Plaintiff overtime pay at the premium rate of one and one half times Plaintiff regular rate of pay.

### *AS AND FOR A THIRD CAUSE OF ACTION*
### *NEW YORK STATE LABOR LAW*
### *AGAINST THE DEFENDANTS, AND EACH OF THEM*
### (SPREAD-OF-HOURS & SPLIT-SHIFT PAY)

35. The Plaintiff hereby incorporates all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

36. The Defendants herein knowingly, willfully and in bad faith violated Articles 6 & 19 of NYLL, and more particularly 12 NYCRR § 142-2.4, by failing to pay Plaintiff, one additional hour of pay at the prevailing minimum wage for each day during which there was a split shift and/or the spread of hours exceeded 10 hours.

**WHEREFORE**, Plaintiff prays for judgment as against the Defendants, and each of them, as follows:

(a) awarding back pay for overtime pay due and owing to the Plaintiff;

(b) awarding back pay for spread-of-hours & split-shift pay due and owing to the Plaintiff;

(c) awarding liquidated damages pursuant to 29 U.S.C. § 216(b) and/or New York State's Labor Law, Articles 6 & 19, §§ 198(1-a), 663(1);

7

(d) awarding the costs and disbursements of this action, along with reasonable attorney's fees pursuant to 29 U.S.C. § 216(b) and/or New York State's Labor Law, Articles 6 & 19, §§ 198(1-a), 663(1);

(e) awarding any other relief this Court deems just, proper and equitable.

Dated: New York, New York
April 8, 2014

Respectfully submitted,
LAW OFFICES OF WILLIAM CAFARO

*[signature]*

Amit Kumar (AK0822)
Attorneys for Plaintiff
108 West 39th Street, Suite 602
New York, New York 10018
(212) 583-7400
Our File No.: 52764

To:

DELGADO TRAVEL AGENCY INC.
79-08 Roosevelt Ave.
Jackson Heights, NY 11372

KARINA VACACELA
79-08 Roosevelt Ave.
Jackson Heights, NY 11372

HECTOR DELGADO
79-08 Roosevelt Ave.
Jackson Heights, NY 11372

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
MIGUEL CARABAJO,                                                                          Case No.

                              Plaintiff,
     -vs.-

DELGADO TRAVEL AGENCY INC.,
KARINA VACACELA and HECTOR
DELGADO,

                          Defendants.
-------------------------------------------------------------------X

---

**COMPLAINT**

---

LAW OFFICES OF WILLIAM CAFARO
Attorneys for Plaintiff
108 West 39th Street, Suite 602
New York, New York 10018
(212) 583-7400
File No. 52764

9